## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CIARRAH HARRINGTON,

               Plaintiff,

      v.

RANDSTAD US, LLC, and
MERCEDES-BENZ USA, LLC.,

               Defendants.

Civil Action No. 1:24-cv-04810-SDG

## DEFENDANT RANDSTAD US LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Randstad US, LLC ("Randstad"), pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure, submits its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

### INTRODUCTION

### COMPLAINT ¶1:

In this action, Plaintiff seeks to recover unpaid overtime wages from her former employers, Randstad US, LLC, and Mercedes-Benz USA, LLC, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

### ANSWER:

Randstad admits that Plaintiff purports to bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA") against Randstad US, LLC and Mercedes-Benz USA, LLC. Randstad admits that it was Plaintiff's former employer. Randstad denies that it violated the FLSA in any

manner or that Plaintiff is entitled to any relief whatsoever from Randstad. Randstad denies the remaining allegations contained in Paragraph No. 1 of Plaintiff's Complaint and denies any allegations contained in Paragraph No. 1 that are not directed toward Randstad and do not require a response from Randstad.

## PARTIES, JURISDICTION, AND VENUE

**COMPLAINT ¶2:**

This Court's jurisdiction over Plaintiff's claims under the Fair Labor Standards Act is invoked under 28 U.S.C. § 1331.

**ANSWER:**

Randstad admits that the Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff is seeking relief under the FLSA. Randstad denies any remaining allegations in Paragraph No. 2.

**COMPLAINT ¶3:**

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**ANSWER:**

Randstad admits that venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b). Randstad denies that it engaged in any unlawful employment practices and denies the remaining allegations contained in Paragraph No. 3.

**COMPLAINT ¶4:**

Plaintiff is a natural person and resident of the State of Georgia.

315966105v.1

**ANSWER:**

Upon information and belief, Randstad admits the allegations in Paragraph

No. 4.

**COMPLAINT ¶5:**

Randstad US, LLC, is a foreign limited liability company formed under the laws of the State of Delaware and registered to do business in Georgia. Randstad may be served with process on its registered agent for service, CSC Networks, Inc., at 407 East Maple Street, Suite 204, Cumming, Forsyth County, Georgia, 30040.

**ANSWER:**

Randstad admits the allegations in Paragraph No. 5.

**COMPLAINT ¶6:**

Randstad is subject to the personal jurisdiction of this Court.

**ANSWER:**

Randstad admits the allegations in Paragraph No. 6.

**COMPLAINT ¶7:**

Mercedes-Benz USA, LLC, is a foreign limited liability company existing under the laws of the State of Delaware and registered to do business in Georgia. Mercedes-Benz may be served with process on its registered agent for service, The Corporation Company, at 410 Peachtree Parkway Suite 4245, Cumming, Forsyth County, Georgia, 30041.

**ANSWER:**

The allegations contained in Paragraph No. 7 are not directed toward

Randstad and do not require a response from Randstad. Further, Randstad is without

sufficient knowledge or information upon which to form a belief about the truth of

the allegations contained in Paragraph No. 7 and accordingly denies the same.

315966105v.1

**COMPLAINT ¶8:**

Mercedes-Benz is subject to the personal jurisdiction of this Court.

**ANSWER:**

The allegations contained in Paragraph No. 8 are not directed toward Randstad and do not require a response from Randstad. Further, Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph No. 8 and accordingly denies the same.

**COMPLAINT ¶9:**

Venue is proper because Defendants are resident in this district and because the actions complained of herein occurred in this district and division.

**ANSWER:**

Randstad admits that Randstad is a resident in this district for the purposes of venue. Randstad denies that it engaged in any unlawful employment practices and denies the remaining allegations directed toward Randstad in Paragraph No. 9. Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations not directed toward Randstad in Paragraph No. 9 and accordingly denies the same.

**FACTUAL ALLEGATIONS**

**EMPLOYMENT RELATIONSHIP – JOINT EMPLOYMENT**

**COMPLAINT ¶10:**

Defendant Randstad is an American subsidiary of the Dutch multinational human resource consulting company Randstad NV.

**ANSWER:**

Randstad admits that Randstad North America, Inc. is the ultimate parent of Randstad US, LLC and that Randstad North America is an American subsidiary of the Dutch company Randstad NV. Randstad denies the remaining allegations in Paragraph No. 10.

**COMPLAINT ¶11:**

Randstad provide[sic] human resource services for temporary and permanent jobs.

**ANSWER:**

Randstad lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "provide human resource services." Randstad admits that, as a global staffing agency, it can provide human resource services. Randstad also admits that it works to fill both temporary and permanent jobs. To the extent there are remaining factual allegations in Paragraph No. 11, Randstad denies the same.

**COMPLAINT ¶12:**

Ms. Harrington was hired by Randstad as a billable employee (a/k/a "Talent") on May 15, 2023.

**ANSWER:**

Randstad admits it hired Plaintiff and placed her on assignment at MBUSA on May 15, 2023 and that Randstad billed MBUSA for work performed by Harrington. Randstad denies the remaining allegations in Paragraph No. 12.

315966105v.1

**COMPLAINT ¶13:**

Randstad placed Ms. Harrington in a temporary National Accounts Analyst position with Defendant Mercedes-Benz USA ("MBUSA") beginning on Mary[sic] 15, 2023.

**ANSWER:**

Randstad admits that it placed Plaintiff in a temporary National Accounts Vendor Analysis position with MBUSA beginning on May 15, 2023. Randstad denies that Plaintiff's position was entitled "National Accounts Analyst." To the extent there are remaining factual allegations in Paragraph No. 13, Randstad denies the same.

**COMPLAINT ¶14:**

MBUSA renewed its contract with Randstad for Ms. Harrington's services multiple times, most recently on approximately May 9, 2024, for services to be performed from July 1, 2024, through January 2025.

**ANSWER:**

Randstad admits that the effective date of its contract with MBUSA is March 29, 2024. Randstad denies the remaining allegations directed toward Randstad in Paragraph No. 14. Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations not directed toward Randstad in Paragraph No. 14 and accordingly denies the same.

**COMPLAINT ¶15:**

MBUSA is the distributor for Mercedes-Benz passenger cars in the United States,

**ANSWER:**

The allegations contained in Paragraph No. 15 are not directed toward Randstad and do not require a response from Randstad. Further, Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph No. 15 and accordingly denies the same.

**COMPLAINT ¶16:**

Ms. Harrington worked at MBUSA's headquarters in Sandy Springs, Georgia, from May 15, 2023, until July 1, 2024, the date of her termination.

**ANSWER:**

Randstad admits that Plaintiff worked for MBUSA from May 15, 2023 until July 1, 2024, the date of her termination. Randstad denies any remaining allegations directed toward Randstad in Paragraph No. 16. Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations not directed toward Randstad in Paragraph No. 16 and accordingly denies the same.

**COMPLAINT ¶17:**

Both Randstad and MBUSA exercised some control over Ms. Harrington's work and working conditions.

**ANSWER:**

Randstad admits that it exercised control over human resources functions related to Plaintiff's work for MBUSA. The remaining allegations of Paragraph No. 17 contain legal conclusions, which Randstad denies. Randstad is without sufficient

knowledge or information upon which to form a belief about the truth of the allegations not directed toward Randstad in Paragraph No. 17 and accordingly denies the same.

**COMPLAINT ¶18:**

Ms. Harrington's work simultaneously benefitted both Randstad and MBUSA.

**ANSWER:**

Randstad admits that it derived some benefit from Plaintiff's work for MBUSA in that Randstad receives compensation from the placement of talent like Plaintiff with Randstad's customers like MBUSA. Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations not directed toward Randstad in Paragraph No. 18 and accordingly denies the same.

**COMPLAINT ¶19:**

Randstad provided most HR functions with respect to Ms. Harrington's employment.

**ANSWER:**

Randstad admits that it provided some HR functions with respect to Ms. Harrington's employment. Randstad denies any remaining allegations in Paragraph No. 19.

**COMPLAINT ¶20:**

MBUSA supervised Ms. Harrington's work, trained her, and assigned her duties.

**ANSWER:**

Randstad admits that MBUSA supervised Plaintiff's work, trained her, and provided her duty assignments. Randstad denies any remaining allegations contained in Paragraph No. 20.

**COMPLAINT ¶21:**

Randstad and MBUSA jointly determined Ms. Harrington's rate of pay.

**ANSWER:**

To the extent the allegations in Paragraph No. 21 are directed at Randstad, Randstad admits them. Randstad denies the allegations in Paragraph 21 directed to MBUSA.

**COMPLAINT ¶22:**

From the beginning of her employment through her termination ("the Relevant Time Period"), Randstad was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

**ANSWER:**

Randstad admits the allegations in Paragraph No. 22.

**COMPLAINT ¶23:**

From the beginning of her employment through her termination ("the Relevant Time Period"), MBUSA was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

**ANSWER:**

Randstad denies the allegations in Paragraph No. 23

## FLSA COVERAGE

**COMPLAINT ¶24:**

In 2023, Randstad had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Randstad admits the allegations in Paragraph No. 24.

**COMPLAINT ¶25:**

In 2023, Randstad had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Randstad admits the allegations in Paragraph No. 25.

**COMPLAINT ¶26:**

In 2023, Randstad was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**ANSWER:**

Randstad admits the allegations in Paragraph No. 26.

**COMPLAINT ¶27:**

In 2024, Randstad had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Randstad admits the allegations in Paragraph No. 27.

315966105v.1

**COMPLAINT ¶28:**

In 2024, Randstad had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Randstad admits the allegations in Paragraph No. 28.

**COMPLAINT ¶29:**

In 2024, Randstad was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**ANSWER:**

Randstad admits the allegations in Paragraph No. 29.

**COMPLAINT ¶30:**

In 2023, MBUSA had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

The allegations contained in Paragraph No. 30 are not directed toward Randstad and do not require a response from Randstad. Further, Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph No. 30 and accordingly denies the same.

**COMPLAINT ¶31:**

In 2023, MBUSA had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

The allegations contained in Paragraph No. 31 are not directed toward Randstad and do not require a response from Randstad. Further, Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph No. 31 and accordingly denies the same.

**COMPLAINT ¶32:**

In 2023, MBUSA was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**ANSWER:**

The allegations contained in Paragraph No. 32 are not directed toward Randstad and do not require a response from Randstad. Further, Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph No. 32 and accordingly denies the same.

**COMPLAINT ¶33:**

In 2024, MBUSA had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

The allegations contained in Paragraph No. 33 are not directed toward Randstad and do not require a response from Randstad. Further, Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph No. 33 and accordingly denies the same.

**COMPLAINT ¶34:**

In 2024, MBUSA had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

The allegations contained in Paragraph No. 34 are not directed toward Randstad and do not require a response from Randstad. Further, Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph No. 34 and accordingly denies the same.

**COMPLAINT ¶35:**

In 2024, MBUSA was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**ANSWER:**

The allegations contained in Paragraph No. 35 are not directed toward Randstad and do not require a response from Randstad. Further, Randstad is without sufficient knowledge or information upon which to form a belief about the truth of the allegations contained in Paragraph No. 35 and accordingly denies the same.

**Overtime Violation**

**COMPLAINT ¶36:**

At all relevant times, Plaintiff was compensated on an hourly basis.

**ANSWER:**

Randstad lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "at all relevant times." Upon information and belief, Randstad

315966105v.1

admits that Plaintiff was compensated on an hourly basis at MBUSA from May 15, 2023 to July 1, 2024. Randstad denies any remaining factual allegations in Paragraph No. 36.

**COMPLAINT ¶37:**

At all relevant times, the Fair Labor Standards Act required Defendants to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per workweek.

**ANSWER:**

Randstad lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "at all relevant times." As to the allegations in Paragraph 37 that are directed at Randstad, Randstad states that the allegations contained in Paragraph 37 call for a legal conclusion, to which no response is required. If a response is required, Randstad admits that the FLSA requires that employers compensate non-exempt employees at one-and-one-half times their regular hourly rate for all hours worked in excess of 40 hours per workweek. Randstad denies any remaining allegations in Paragraph No. 37.

**COMPLAINT ¶38:**

At all relevant times, Plaintiff regularly worked in excess of 40 hours per week.

**ANSWER:**

Randstad denies the allegations in Paragraph No. 38.

**COMPLAINT ¶39:**

At all relevant times, Defendants knew or should have known that Plaintiff regularly worked far in excess of 40 hours per week.

**ANSWER:**

As to the allegations in Paragraph No. 39 that are directed at Randstad,

Randstad denies them.

**COMPLAINT ¶40:**

At all relevant times, Defendants failed to compensate Plaintiff at one-and-one-half times her regular hourly rate for hours worked in excess of 40 hours per workweek.

**ANSWER:**

As to the allegations in Paragraph No. 40 that are directed at Randstad,

Randstad denies them.

**COMPLAINT ¶41:**

At all relevant times, Defendants compensated Plaintiff only for the first 40 hours she worked each week.

**ANSWER:**

As to the allegations in Paragraph No. 41 that are directed at Randstad,

Randstad denies them.

**COMPLAINT ¶42:**

Upon information and belief, Defendants did not rely on any letter ruling from the U.S. Department of Labor in making their decision not to compensate Plaintiff at the required overtime rate.

**ANSWER:**

As to the allegations in Paragraph No. 42 that are directed at Randstad, Randstad denies them.

**COMPLAINT ¶43:**

Upon information and belief, Defendants did not rely on any legal advice in making their decision not to compensate Plaintiff at the required overtime rate.

**ANSWER:**

As to the allegations in Paragraph No. 43 that are directed at Randstad, Randstad denies them.

**COMPLAINT ¶44:**

Defendants' failure to compensate Plaintiff in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because Defendants either knew or acted with reckless disregard of whether their conduct was prohibited by the FLSA.

**ANSWER:**

As to the allegations in Paragraph No. 44 that are directed at Randstad, Randstad denies them.

**COMPLAINT ¶45:**

Defendants' failure to compensate Plaintiff in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because Defendants did not adequately investigate their overtime obligations to Plaintiff.

**ANSWER:**

As to the allegations in Paragraph No. 45 that are directed at Randstad, Randstad denies them.

315966105v.1

**COMPLAINT ¶46:**

Defendants' failure to compensate Plaintiff in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. § 259.

**ANSWER:**

As to the allegations in Paragraph No. 46 that are directed at Randstad,

Randstad denies them.

**COMPLAINT ¶47:**

Defendants' failure to compensate Plaintiff in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. § 260.

**ANSWER:**

As to the allegations in Paragraph No. 47 that are directed at Randstad,

Randstad denies them.

## CLAIM FOR RELIEF

### Count One
### Violation of 29 U.S.C. § 207 (Failure to Pay Overtime)

**COMPLAINT ¶48:**

Throughout the Relevant Time Period, Plaintiff regularly worked in excess of 40 hours per week.

**ANSWER:**

Randstad denies the allegations in Paragraph No. 48.

**COMPLAINT ¶49:**

As Plaintiff's employers, Defendants were required to compensate Plaintiff at the rate of one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours in each workweek.

315966105v.1

**ANSWER:**

As to the allegations in Paragraph No. 49 that are directed at Randstad, Randstad states that the allegations contained in Paragraph No. 49 call for a legal conclusion, to which no response is required. If a response is required, Randstad admits that the FLSA requires that employers compensate non-exempt employees at one-and-one-half times their regular hourly rate for all hours worked in excess of 40 hours per workweek. Randstad denies any remaining allegations in Paragraph No. 49.

**COMPLAINT ¶50:**

Defendants failed to compensate Plaintiff at the rate of one-and-one-half times her regular hourly rate for her hours worked in excess of 40 hours in each workweek.

**ANSWER:**

As to the allegations in Paragraph No. 50 that are directed at Randstad, Randstad denies them.

**COMPLAINT ¶51:**

Defendants' failure to compensate Plaintiff at the required rate for all hours worked over 40 hours per week was a violation of 29 U.S.C. §§ 207 and 215.

**ANSWER:**

As to the allegations in Paragraph 51 that are directed at Randstad, Randstad denies them.

**COMPLAINT ¶52:**

Plaintiff is entitled to receive her unpaid overtime wages calculated at the rate of one-and-one-half her regularly hourly rate, liquidated damages in an amount equal

to her unpaid overtime wages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and her costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. § 216. WHEREFORE, Plaintiff requests that this Court:

(a)    Take jurisdiction of this matter;

(b)    Grant a trial by jury as to all matters properly triable to a jury;

(c)    Issue a judgment declaring that Plaintiff was covered by the FLSA and that Defendants failed to comply with the maximum hour requirements of the FLSA;

(d)    Award Plaintiff proper payment for each overtime hour worked, calculated at the rate of one-and-one-half times her regularly hourly rate, and liquidated damages equaling 100% of the unpaid overtime wages due to Plaintiff;

(e)    Award Plaintiff pre-judgment interest to the extent that liquidated damages are not awarded;

(f)    Award Plaintiff nominal damages;

(g)    Award Plaintiff her reasonable attorney's fees and costs of litigation; and

(h)    Award any and such other further relief this Court deems just, equitable and proper.

## ANSWER:

Randstad denies all allegations in Paragraph 52 that are directed at Randstad and denies that Plaintiff is entitled to any of the relief sought in Paragraph No. 52.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following defenses, Randstad does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Randstad further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to

assert additional defenses should the precise nature of Plaintiff's claims become clear.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has received full payment for all work performed, thereby barring her claims.

## THIRD DEFENSE

Subject to proof through discovery, some or all of the purported claims of Plaintiff are bared, in whole or in part, by the doctrines of laches, release, waiver, and/or estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred or limited by the applicable statute of limitations. Further, a two-year statute of limitations applies to the FLSA claims because Plaintiff cannot establish that a willful violation of the FLSA has occurred. As such, the statute of limitations can be no longer than two years, as provided under the FLSA.

## FIFTH DEFENSE

Further, and in the alternative, if necessary, Randstad states that its actions with respect to Plaintiff were taken in good faith in conformity with and in reliance

315966105v.1

on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259.

## SIXTH DEFENSE

Further, and in the alternative, if necessary, Randstad states that its actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260.

## SEVENTH DEFENSE

To the extent that he was entitled to be paid overtime premiums for hours she worked in excess of 40 in a workweek, and to the extent that she worked unrecorded time that should have been paid at an overtime rate because of that entitlement, Randstad had neither actual nor constructive knowledge of that unrecorded time. Further, though Plaintiff could have reported any unrecorded time that she now alleges give rise to her claims in this case, she disregarded the multiple avenues for doing so and did not.

## EIGHTH DEFENSE

Randstad states that even if Plaintiff was not paid for all activities performed, such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities, and are not compensable.

315966105v.1

## NINTH DEFENSE

Plaintiff is not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Randstad did not willfully, knowingly, or intentionally fail to comply with the provisions of the FLSA or any other applicable laws.

## TENTH DEFENSE

Plaintiff cannot pursue her claims in this forum because Plaintiff is required to submit her claims to mandatory final and binding arbitration under an arbitration agreement, executed on April 24, 2023, covering her purported claims.

## ELEVENTH DEFENSE

Randstad reserves the right to amend its answer to raise additional affirmative or other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

WHEREFORE, Randstad respectfully requests that, after due proceedings, the Court enter judgment in its favor dismissing Plaintiff's claims with prejudice and awarding Randstad the costs of this proceeding, including its reasonable attorneys' fees, and any other relief this Court deems appropriate.

315966105v.1

DATED: February 4, 2025                    Respectfully submitted,

By: */s/ Lennon B. Haas*
            Lennon B. Haas
            GA Bar No. 158533
            lhaas@seyfarth.com
            Shannon Cherney
            GA Bar No. 370923
            scherney@seyfarth.com
            SEYFARTH SHAW LLP
            1075 Peachtree St. NE, Suite 2500
            Atlanta, Georgia 30309-3958
            Telephone: (404) 885-1500
            Facsimile: (404) 892-7056

            *Counsel for Defendant*
            *RANDSTAD US, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CIARRAH HARRINGTON, | |
| Plaintiff, | |
| v. | Civil Action No. 1:24-cv-04810-SDG |
| RANDSTAD US, LLC, and MERCEDES-BENZ USA, LLC., | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 4, 2025, I caused the foregoing **DEFENDANT RANDSTAD US LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be filed with the Clerk of the Court via the CM/ECF system, which will send automatic email notification to all counsel of record.

*/s/ Lennon B. Haas*
Lennon B. Haas
Counsel for Defendant Randstad US LLC
GA Bar No. 158533

315966105v.1