IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CIARRAH HARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 1:24-CV-04810-SDG |
| RANDSTAD US, LLC, and ) | |
| MERCEDES-BENZ USA, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MERCEDES-BENZ USA, LLC'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant Mercedes-Benz USA, LLC ("Defendant" or "MBUSA"), by and through the undersigned counsel, and files this Answer and Additional Defenses to the First Amended Complaint of Plaintiff Ciarrah Harrington ("Plaintiff") and all persons alleged to be similarly situated.

**INTRODUCTION**

1.  Defendant neither admits nor denies the allegations contained in Paragraph 1 of the First Amended Complaint, which merely set forth the nature of Plaintiff's action. If and to the extent a responsive pleading is required, Defendant denies that any acts or omissions giving rise to a cause of action have occurred, or

that Plaintiff is entitled to any relief. Defendant denies any remaining allegations contained in Paragraph 1 of the First Amended Complaint

## PARTIES, JURISDICTION, AND VENUE

2.  The allegations contained in Paragraph 2 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that the Court has subject matter jurisdiction over this action.

3.  The allegations contained in Paragraph 2 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that venue is appropriate in the Northern District of Georgia, Atlanta Division, but denies that any acts or omissions giving rise to a cause of action have occurred, or that Plaintiff is entitled to any relief.

4.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint, and therefore denies the same.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the First Amended Complaint, and therefore denies the same.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Complaint, and therefore denies the same.

7. Defendant admits the allegations contained in Paragraph 7 of the First Amended Complaint.

8. The allegations contained in Paragraph 8 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that it is subject to the jurisdiction of this Court.

9. The allegations contained in Paragraph 9 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that venue is appropriate in the Northern District of Georgia, Atlanta Division, but denies that any acts or omissions giving rise to a cause of action have occurred, or that Plaintiff is entitled to any relief.

## FACTUAL ALLEGATIONS

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint, and therefore denies the same.

11. Upon information and belief, Defendant admits the allegations contained in Paragraph 11 of the First Amended Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the First Amended Complaint, and therefore denies the same.

13. Defendant admits that, on or around May 15, 2023, Plaintiff was placed in a temporary National Accounts Vendor Analyst position with Defendant as an independent contractor. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 13 of the First Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the First Amended Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the First Amended Complaint.

16. Defendant admits that Plaintiff was assigned to MBUSA's headquarters in Sandy Springs, Georgia, and that from on or around May 15, 2023, until on or around July 1, 2023, she worked for Defendant on a hybrid schedule whereby she worked remotely at least two days per week. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 16 of the First Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the First Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint, and therefore denies the same.

20. Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24. The allegations contained in Paragraph 24 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint, and therefore denies the same.

25.   The allegations contained in Paragraph 25 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint, and therefore denies the same.

26.   The allegations contained in Paragraph 26 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Complaint, and therefore denies the same.

27.   The allegations contained in Paragraph 27 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the First Amended Complaint, and therefore denies the same.

28.   The allegations contained in Paragraph 28 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that

a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint, and therefore denies the same.

29. The allegations contained in Paragraph 29 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint, and therefore denies the same.

30. The allegations contained in Paragraph 30 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits the allegations contained in Paragraph 30 of the First Amended Complaint.

31. The allegations contained in Paragraph 31 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits the allegations contained in Paragraph 31 of the First Amended Complaint.

32. The allegations contained in Paragraph 32 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that

a response is required, Defendant admits the allegations contained in Paragraph 32 of the First Amended Complaint.

33. The allegations contained in Paragraph 33 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits the allegations contained in Paragraph 33 of the First Amended Complaint.

34. The allegations contained in Paragraph 34 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits the allegations contained in Paragraph 34 of the First Amended Complaint.

35. The allegations contained in Paragraph 35 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits the allegations contained in Paragraph 35 of the First Amended Complaint.

36. Upon information and belief, Defendant admits the allegations contained in Paragraph 36 of the First Amended Complaint.

37. Defendant denies that it was Plaintiff's employer, that Plaintiff worked over 40 hours in any given workweek, and that it was required to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours worked in

excess of 40 hours per workweek. Defendant denies the remaining allegations contained in Paragraph 37 of the First Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40. Defendant denies that it was Plaintiff's employer, that Plaintiff worked over 40 hours in any given workweek, and that it was required to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per workweek. Defendant denies the remaining allegations contained in Paragraph 40 of the First Amended Complaint.

41. Defendant denies that it was Plaintiff's employer, that Plaintiff worked over 40 hours in any given workweek, and that it was required to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per workweek. Defendant denies the remaining allegations contained in Paragraph 41 of the First Amended Complaint.

42. Defendant denies that it was Plaintiff's employer, that Plaintiff worked over 40 hours in any given workweek, and that it was required to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours worked in

excess of 40 hours per workweek. Defendant denies the remaining allegations contained in Paragraph 42 of the First Amended Complaint.

43. Defendant denies that it was Plaintiff's employer, that Plaintiff worked over 40 hours in any given workweek, and that it was required to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per workweek. Defendant denies the remaining allegations contained in Paragraph 43 of the First Amended Complaint.

44. The allegations contained in Paragraph 44 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 44 of the First Amended Complaint.

45. The allegations contained in Paragraph 45 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46. The allegations contained in Paragraph 46 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 46 of the First Amended Complaint.

47. The allegations contained in Paragraph 47 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 47 of the First Amended Complaint.

## CLAIM FOR RELIEF

48. Defendant denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49. Defendant denies that it was Plaintiff's employer, that Plaintiff worked over 40 hours in any given workweek, and that it was required to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per workweek. Defendant denies the remaining allegations contained in Paragraph 49 of the First Amended Complaint.

50. Defendant denies that it was Plaintiff's employer, that Plaintiff worked over 40 hours in any given workweek, and that it was required to compensate Plaintiff at one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per workweek. Defendant denies the remaining allegations contained in Paragraph 50 of the First Amended Complaint.

51. The allegations contained in Paragraph 51 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that

a response is required, Defendant denies the allegations contained in Paragraph 51 of the First Amended Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the First Amended Complaint.

## PRAYER FOR RELIEF

Answering Plaintiff's unnumbered "Prayer for Relief" Paragraph, Defendant denies that Plaintiff is entitled to any of the relief listed therein or to any other relief. Defendant denies the remaining allegations contained in Plaintiff's unnumbered "Prayer for Relief" Paragraph.

## GENERAL DENIAL

Except as expressly admitted above, Defendant denies the allegations contained in the First Amended Complaint.

## ADDITIONAL DEFENSES

1. The First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims against Defendant are barred because Mercedes-Benz USA, LLC was not Plaintiff's employer pursuant to 29 U.S.C. § 203(d).

3. Plaintiff's claims are barred to the extent they exceed the two-year statute of limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

4. Plaintiff's claims are barred to the extent they exceed the three-year statute of limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

5. To the extent Defendant might be found to have been Plaintiff's employer for purposes of the FLSA, which Defendant expressly denies, Plaintiff was properly compensated pursuant to Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

6. Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, exceptions, or credits set forth in Section 7 of the FLSA, 29 U.S.C. § 207.

7. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in: (i) walking, riding, or traveling to the actual places Plaintiff performed Plaintiff's principal activities; or (ii) in activities which were preliminary or postliminary to Plaintiff's principal activities.

8. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal to Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with Plaintiff's compensation were done in good faith in conformity with

and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

9. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

10. Plaintiff's claims are barred in whole or in part because they have been waived pursuant to 29 U.S.C. § 216(c).

11. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

12. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiff's own conduct resulted in Plaintiff not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

13. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

14. Plaintiff's claims for monetary relief are barred to the extent that Plaintiff has failed to mitigate asserted damages.

15. Plaintiff is not entitled to equitable relief to the extent that Plaintiff has adequate remedies at law.

16. Plaintiff is not entitled to a jury trial as to any equitable issue raised in the First Amended Complaint.

17. Defendant reserves the right to assert additional defenses that may become apparent through discovery.

WHEREFORE, having fully answered the First Amended Complaint and having asserted its additional defenses thereto, Defendant respectfully requests that the Court deny all relief requested in the First Amended Complaint, enter judgment in Defendant's favor, and grant Defendant such other relief as may be deemed just and appropriate.

Respectfully submitted, this 4th day of February, 2025.

/s/ Matthew R. Simpson
Matthew R. Simpson
Georgia Bar No. 540260
msimpson@fisherphillips.com
Terri R. Stewart
Georgia Bar No. 244624
tstewart@fisherphillips.com
JonVieve D. Hill
Georgia Bar No. 907946
jhill@fisherphillips.com

**FISHER & PHILLIPS LLP**
1230 Peachtree Street NE
Suite 3300
Atlanta, Georgia 30309
Telephone: (404) 231-1400
Fax: (404) 240-4249

*Counsel for Defendant Mercedes-Benz USA, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CIARRAH HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:24-CV-04810-SDG |
| RANDSTAD US, LLC, and | ) | |
| MERCEDES-BENZ USA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I certify that, on February 4, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel authorized to receive such notice.

> */s/ Matthew R. Simpson*
> Matthew R. Simpson
> Georgia Bar No. 540260
> msimpson@fisherphillips.com
> FISHER & PHILLIPS LLP